# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Criminal Case No. 2:23cr00001-005 |
| v. ) | |
| ) | **REPORT AND** |
| **RAY ANTHONY MCSWAIN,** ) | **RECOMMENDATION** |
| Defendant ) | |

## *I. Background*

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

## *II. Facts*

The defendant has been charged in a multiple-count Indictment. On January 5, 2024, a plea hearing was conducted before the magistrate judge, and the defendant entered a plea of guilty to Count Two of the Indictment, charging him with the lesser included offense of conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).

At this hearing, the defendant was placed under oath and testified that he is 29 years old and that he had completed the 11th grade in high school. The defendant testified that he reads and writes the English language.

The defendant testified that he had no history of mental health problems and/or treatment, but he stated that he had a history of abusing alcohol. The defendant stated that he had not consumed any alcoholic beverages since his arrest in March 2023. He further stated that his prior abuse of alcohol did not currently affect his ability to understand the nature of the proceedings or the consequences of pleading guilty. He also testified that he was not under the influence of any drug, medication or alcoholic beverage. Defense counsel stated that he had no reason to suggest that the defendant was not competent to enter his plea.

The defendant stated that he was fully aware of the nature of the charge against him and the consequence of pleading guilty to that charge. The defendant was advised in open court of the charge contained against him in the Indictment. He testified that he had fully discussed the charge, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement. He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified that he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the

Government, assurances or threats to him in an effort to induce his plea.  The defendant testified that he understood that the offense with which he is charged is a felony and that, if his plea is accepted, he will be adjudged guilty of the offense and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that he understood that the offense with which he is charged is a drug offense and that, if his plea to this charge is accepted, he will be adjudged guilty of the offense and that this adjudication will make him ineligible for certain federal benefits including certain Social Security and food stamp benefits.

The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offense with which he is charged. In particular, the defendant stated that he understood that the drug offense to which he was pleading guilty carried a mandatory minimum sentence of five years' imprisonment. The defendant stated that he understood that he would receive a sentence of at least five years of imprisonment.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case.  The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case.  The defendant also testified that he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed and both parties have an opportunity to challenge the reported

facts and the application of the Guidelines. The defendant stated that he understood that, after the applicable guideline range was determined, that the district judge has the authority in some circumstances to depart from the Guidelines and impose a sentence that is more severe or less severe than the sentence called for by the Guidelines. He stated that he understood that the Sentencing Guidelines were no longer mandatory, and after considering the Guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the Guidelines and up to the statutory maximum sentence. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant testified that he understood his Plea Agreement was entered into with the Government under Federal Rules of Criminal Procedure Rule 11(c)(1)(C). He further testified that, pursuant to Rule 11(c)(1)(C), he and the Government had agreed that he should be sentenced to no less than 72 months' and no more than 96 months' imprisonment. He testified that he further understood that, if the sentencing judge was not willing to sentence him to a sentence of imprisonment within the agreed applicable range, the judge would reject the Plea Agreement, and he would be given an opportunity to withdraw his plea at that time. He further stated that he understood that, if the sentencing judge accepted the Plea Agreement, he would be sentenced to no less than 72 months.

The defendant stated that he was stipulating that the following Sentencing

Guidelines should apply to his case:

> Section 2D1.1(c) for a base Offense Level of 28 based on at least 700 grams but less than 1 kilogram of heroin.

The defendant also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty plea is accepted:

> i. The right to plead not guilty to any offense charged against him;
> ii. The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
> iii. The right of assistance of counsel;
> iv. The right to see, hear and cross-examine witnesses;
> v. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
> vi. The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his current counsel. He stated that he had no complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his plea and asked the court to accept his plea of guilty to Count Two of the Indictment.

The Government presented the following evidence regarding the offense with which the defendant is charged:

Between September 1, 2021, and July 26, 2022, Ray Anthony McSwain, ("McSwain"), and others knowingly and intentionally conspired to distribute and possess with the intent to distribute 100 grams or more of a mixture or substance containing heroin, a Schedule I controlled substance, in Lee County, Virginia, and elsewhere. Lee County is within the Western District of Virginia.

During the relevant period, McSwain traveled from Michigan to Knoxville, Tennessee, with co-conspirator Robert Warr, ("Warr"). McSwain had connections in the Knoxville area to help Warr sell his heroin. Specifically, McSwain introduced Warr to Kabrina Brown, ("Brown"), who in turn introduced McSwain and Warr to co-conspirator Billy Justin King, ("King"). King and Brown purchased heroin from Warr and McSwain, sometimes on front, for further distribution to individuals in Tennessee and in Lee County, Virginia. On occasion, Brown paid McSwain for the heroin via CashApp transfers.

On April 6, 2022, McSwain, Warr and Brown were stopped by law enforcement in Knox County, Tennessee. McSwain was found in possession of a pistol.

McSwain had knowledge of the overall objectives and scope of the conspiracy and knowingly and voluntarily participated in it.

After the Government presented its summary of this evidence, the defendant stated that he agreed that the Government could present this evidence at trial. The defendant had no dispute with or objection to the Government's summary of its

evidence.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charge and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count Two of the Indictment; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's plea of guilty to Count Two of the Indictment and adjudge him guilty of that offense.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve

and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review.   At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:	This 5th day of January, 2024.

/s/   *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

–8–